ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for ELIZABETH CHAVEZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>101 JEFFERSON STREET SF LLC,<br><br>　　　　Defendant. | Case No. 25-cv-9657<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 et seq.)<br><br>3. Violations of the California Health and Safety Code, §§19955 et seq.<br><br>4. Violations of the California Disabled Persons Act, § 54 et seq<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

Plaintiff ELIZABETH CHAVEZ ("Plaintiff") hereby complains of Defendant 101 JEFFERSON STREET SF LLC ("Defendant") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "$10 Hoodies" located at or about: 2699 Mason St, San Francisco, CA 94133 ("Store").

2. In September 2025, Plaintiff, a person with mobility disabilities, was denied full and equal access to the Store because it was not accessible to wheelchair users.

3. Plaintiff seeks injunctive relief and declaratory relief under Title III of the Americans with Disabilities Act, the Unruh Civil Rights Act and the California Health and Safety Code. Plaintiff also seeks damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. Plaintiff further seeks recovery of reasonable statutory attorney's fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled Persons Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Francisco/Oakland Division of the Northern District of California, as the real property which is the subject of this action is in this intradistrict and Plaintiff's claims arose in this intradistrict.

## PARTIES

7. Plaintiff is a person with physical disabilities as defined by applicable California and

1  United States laws. Plaintiff is unable to walk due to paraplegia and relies on a wheelchair for
2  mobility. She cannot use public facilities that are not accessible to individuals with mobility
3  impairments, including those who use wheelchairs. Plaintiff holds a California-issued disabled
4  parking placard and is a resident of Hayward, California.

5  8.     Defendant is, and at all relevant times was, the owner, operator, lessor and/or lessee of the
6  subject business, property, and building at all times relevant to this Complaint.

7  9.     Defendant failed to ensure that the accommodations, goods, services, and opportunities are
8  accessible to Plaintiff and other members of the public who have physical disabilities. Defendant's
9  failure to comply with federal and California access laws proximately caused the violations and
10 damages to Plaintiff complained of herein.

## FACTUAL ALLEGATIONS

12 10.    The Store and its facilities, including, but not limited to, its entrances/exits, interior paths
13 of travel, transaction counters, are a "public accommodation" and part of a "business
14 establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of
15 California Civil Code §§ 51 *et seq.*

16 11.    On information and belief, the Store and its facilities have, since January 26, 1993,
17 undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to
18 disabled access requirements of Section 303 of the ADA (42 U.S.C. § 12183). Such facilities
19 constructed or altered since 1982 are also subject to "Title 24," the California State Architect's
20 Regulations. Irrespective of the Store's construction and alteration history, removal of the access
21 barriers at the subject premises are subject to the "readily achievable" barrier removal requirements
22 of Title III of the ADA.

23 12.    Plaintiff and her family frequently visit San Francisco, and September 25, 2025 was one
24 of those trips. Plaintiff went to the Store to purchase a hoodie and a beanie because she needed
25 warmer clothing, while her fiancé and daughter visited another location.

26 13.    When Plaintiff arrived at the Store's entrance, she saw that the building was elevated above
27 street level and that the entrances and exit(s) were served by excessively sloped ramps along the
28

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
3

side and corner of the premises. She did not see any signage directing her to an accessible entrance. As she attempted to enter, another customer had to push her inside because she could not safely ascend the ramp on her own.

14. Once inside, Plaintiff encountered additional access barriers. The interior aisles were too narrow for her to navigate comfortably while browsing. The sales counter was also inaccessible because it was too high for her to comfortably reach from her wheelchair, and she struggled to use the keypad on the point-of-sale device to complete her transaction. Although a lower counter existed, employees were not using it, and no point-of-sale device was available there for her to finalize her purchase.

15. These barriers to access caused her difficulty, discomfort, and embarrassment, and denied her full and equal access to the goods and services offered by the Store.

16. Plaintiff is deterred from returning to the Store as long as it remains inaccessible to her. She will return to shop at the Store if it is made accessible.

17. Before initiating this action, an accessibility inspector retained by counsel as part of Rule 11 due diligence conducted a pre-filing inspection of the subject premises. While the inspector could not take detailed measurements of every area, the inspection confirmed that the Store remained inaccessible to Plaintiff. The following barriers to access were identified, all related to Plaintiff's disability:

   a) <u>Entrance and Exit</u>:
      i. Entrance at corner of building: Slope at entrance of approximately 20%
      ii. Entrance at side of building: Slope at entrance approximately 25%
   b) <u>Exit from registers</u>: rack surrounding blue baskets creates path of travel width of 31.5 inches
   c) <u>Transaction Counters</u>:
      i. Lower Transaction Counter: not used for transactions;
      ii. Upper Transaction Counter: Height is 54 inches; credit card machine is 60 inches at highest operable part.

      d) <u>Interior Aisles</u>:

          i. 22 inches between steel rack and clothing on right

          ii. 32 inches between steel rack and clothing on right

18. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert.

19. Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

20. Defendant knew, or should have known, that these elements and policies rendered Store inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendant has the financial resources to remove these barriers and make the Store accessible to persons with physical disabilities. To date, however, Defendant refuses to remove these barriers or to provide full and equal access to the Store.

21. As a result of Defendant's actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights, emotional discomfort, and denial of rights to full and equal access to public accommodations, all to her general, special, and statutory damages. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

22. Plaintiff's goal in this suit is to make the Store accessible to persons with mobility disabilities.

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

**[42 U.S.C. 12101 *et seq.*]**

23. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

24. Plaintiff was at all times relevant here a qualified individual with a disability as defined

by the ADA, as she has impairments that substantially limit one or more major life activities.

25. Plaintiff has reasonable grounds for believing she will experience discrimination each time she may attempt to access and use the subject facilities.

26. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

27. The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

28. Plaintiff alleges on information and belief that the Store was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing or constructing (or both) Store in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

29. Defendant also discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Store to individuals with disabilities; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Store available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Store and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against her on the basis of her disability, thus wrongfully denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and

12183 of the ADA.

30. The removal of each of the barriers complained of by Plaintiff were at all times mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

31. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

32. The barriers Plaintiff encountered at the Store are the type of basic architectural obstacles that the ADA contemplates as readily achievable to remove. The Store's entrance is elevated only several inches above street level, and the existing ramps are excessively sloped rather than absent. Correcting the slope of an existing ramp or installing a compliant ramp is a common, low-cost modification for a retail business. The benefit of providing a safe, independent means of entry for customers who use wheelchairs significantly outweighs the relatively modest expense of adjusting or replacing the ramp. Inside the Store, the barriers Plaintiff encountered also involve simple fixes that are widely recognized as readily achievable. Narrow aisles can be widened by rearranging merchandise or displays, which is a low-cost measure that does not require structural renovation. The inaccessible sales counter can be remedied by lowering a portion of the counter or ensuring that the existing lower counter is staffed and equipped with a functioning point of sale device. Providing an accessible checkout station is a minimal investment compared to the substantial benefit of ensuring that customers with mobility disabilities can complete purchases independently. None of these modifications would impose significant difficulty or expense relative to the size, resources, or operations of a typical retail store. These are straightforward, commonly implemented ADA compliance steps that businesses across California routinely complete. Removing these barriers would allow wheelchair users to enter, navigate, and make purchases safely and independently, which is precisely the benefit the ADA seeks to protect. The cost of these corrections does not outweigh the significant access benefits they provide, which makes removal of these barriers readily achievable under the ADA.

33. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as she is

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
7

being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

34. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code 51 *et seq.*]

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

36. The Store is a business establishment under the Unruh Act. Defendant is the owner and operator of a business establishment.

37. Defendant violated the Unruh Act by its acts and omissions, as follows:

   a) Failure to construct and/or alter the Store in compliance with state building code and state architectural requirements;

   b) Failure to remove known barriers to access at the Store;

   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Store; and

   d) Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

38. Plaintiff has experienced barriers to access at the Store, all of which have caused her significant difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

39. Further, on information and belief, the Store and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this

1  Complaint are listed without prejudice to Plaintiff citing additional barriers to access after
2  inspection by Plaintiff's access consultant(s)/expert(s).

3  40.     These barriers to access render the Store and its premises inaccessible to and unusable by
4  persons with mobility disabilities. All facilities must be brought into compliance with all
5  applicable federal and state code requirements, according to proof. Plaintiff prays for leave to
6  amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit
7  or deny full and equal access to Plaintiff.

8  41.     Each violation of the ADA constitutes a separate and distinct violation of California Civil
9  Code § 51(f), thus independently justifying an award of damages and injunctive relief under
10 California law, including, but not limited to, Civil Code § 52(a).

11 42.     With respect to Defendant's violations of the Unruh Act that are not predicated on
12 violations of the ADA, Defendant's behavior was intentional: it was aware of and/or was made
13 aware of its duties to remove barriers that prevent persons with mobility disabilities like Plaintiff
14 from obtaining full and equal access to the Store. Defendant's discriminatory practices and/or
15 policies deny full enjoyment of the Store to persons with physical disabilities indicate actual and
16 implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled
17 individuals. Thus, Defendant has engaged in willful affirmative misconduct in violating the
18 Unruh Act.

19 43.     Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and
20 procedures and provide fully accessible facilities to Plaintiff.

21 44.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence
22 should have known, that its barriers, policies and practices at its facilities violated disabled
23 access requirements and standards and had a discriminatory impact upon Plaintiff and upon other
24 persons with similar mobility disabilities, but Defendant failed to rectify the violations, and
25 presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff
26 and similarly situated persons with disabilities.

27         WHEREFORE, Plaintiff requests relief as outlined below.

28

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

45. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

46. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, Stores, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

47. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and applies to all public accommodations constructed or altered after that date.

48. On information and belief, substantial portions of the Store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Store to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

49. Pursuant to the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

10

1. and/or modifications of the Store and/or the building(s) occurring after that date. Construction changes occurring before this date but after July 1, 1970, triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

50. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

51. The Store is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

52. As a result of the actions and failure to act by Defendant, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied her right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §§ 54 *et seq.*]

53. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

54. The Store is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the California Disabled Persons Act ("DPA"), California Civil Code § 54 *et seq.*

55. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil

Code § 54.

56.  The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

57.  The DPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

58.  Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to her disability, including, but not limited to the following:

    a. Failure to construct or alter the Store in compliance with state building code and state architectural requirements;

    b. Failure to remove known barriers to access at the Store;

    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Store;

    d. Failure to maintain accessible features; and

    e. Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

WHEREFORE, Plaintiff requests relief as outlined below.[1]

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
12

# PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction compelling Defendant, in its capacity as the current owner, operator, lessor, and/or lessee of the subject property, premises, and related facilities, to undertake such modifications as are necessary to bring said property, premises, and facilities into compliance with applicable accessibility requirements so as to provide full and equal access to individuals with physical disabilities; and further enjoining Defendant to provide, maintain, and operate said facilities in a condition that ensures ongoing usability by Plaintiff and all similarly situated persons with disabilities, as mandated by law.

2. Retain jurisdiction over the Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public accommodations as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under California Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper

Date: November 8, 2025                                ALLACCESS LAW GROUP


    /s/ Irakli Karbelashvili
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
ELIZABETH CHAVEZ

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: November 8, 2025                          ALLACCESS LAW GROUP


                                                */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
ELIZABETH CHAVEZ

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
14